CHLOE A. FARRIS *vs.* WILLIAM A. RICHARDSON & others.

Proceedings in insolvency, *in invitum,* against an infant, who is not represented by a guardian *ad litem,* are void, and may be set aside on a bill in equity brought by a creditor who has an attachment upon his estate, although such creditor's claim is one which might be avoided by the infant, on plea and proof of his infancy.

BILL IN EQUITY against the judge of insolvency for the county of Middlesex, a deputy sheriff who had been appointed messenger, and the petitioning creditors, praying for an injunction to restrain further proceedings in insolvency in the case of Newell F. Onion. It appeared by the bill and answers that the plaintiff was a creditor of Onion to the amount of over five hundred dollars, for which she held his promissory notes; that she sued out a writ of attachment upon these notes, and caused his property to be attached to an amount sufficient to secure them; that at about the time of the attachment Onion left the Commonwealth under such circumstances as would make him and his estate liable to be proceeded against under the insolvent laws of the Commonwealth, if he was a debtor within the meaning of said laws; that thereupon certain of his creditors instituted proceedings in insolvency against him before the judge of insolvency, and, a notice having been left at the last and usual place of abode of said Onion, and no one appearing

in his behalf, a warrant was issued for taking possession of his estate; and that Onion was a minor, at the time of the institution of the proceedings and the issuing of the warrant, though this fact was not made to appear at the hearing before the judge of insolvency. The defendants also offered to prove, at the hearing, that Onion held himself out to the petitioning creditors as of full age, and obtained credit on the strength of his representations to that effect; and that a creditor having a claim for necessaries was present in the court of insolvency, and desired to prove his claim. But *Hoar,* J., being of opinion that the main questions arising in the case ough* to be determined by the whole court, reported the case for that purpose.

*J. Q. A. Griffin & E. Pearson,* for the plaintiff, besides cases cited in the opinion, cited *O'Brien* v. *Currie,* 3 C. & P. 283; *Belton* v. *Hodges,* 9 Bing. 375; Gen. Sts. *c.* 118, §§ 17, 25, 70, 74, 79, 103; *Merriam* v. *Cunningham,* 11 Cush. 40; *Walker* v. *Davis,* 1 Gray, 506.

*J. P. Converse,* for the defendants, cited *Butler* v. *Breck,* 7 Met. 164; Bingham on Infancy, (2d Amer. ed.) 113; *The People* v. *Mullin,* 25 Wend. 698; *Ex parte Watson,* 16 Ves. 265, and *notes; Ex parte Henderson,* 4 Ves. 163; *Kendall* v. *Lawrence,* 22 Pick. 540; *Oliver* v. *Houdlet,* 13 Mass. 237.

BIGELOW, C. J. These proceedings are clearly irregular and invalid, and must be adjudged void.

Nothing is better settled in the law than the rule that a person under age, being deemed incompetent to enter into contracts or to manage and control his own affairs, cannot employ an attorney or do any act to represent his interest or defend his rights. in legal proceedings. Ebsworth's Law of Infants, 123. Bingham on Infancy, (2d Amer. ed.) 118, 123, *note.* It has for this reason been often adjudged that an action at law or a suit in equity for the enforcement of a contract cannot be duly prosecuted against an infant without the appointment of a guardian *ad litem,* and a judgment at law obtained without such appointment will be reversed on error. *Crockett* v. *Drew,* 5 Gray, 399. *Swan* v. *Horton,* 14 Gray, 179. This rule applies with all its force

to proceedings like those now before us. An application by a creditor for a warrant against the estate of his alleged debtor is in its nature an adversary proceeding, and an adjudication in favor of such application operates as a judgment *in rem*, by which the entire property of the debtor is made liable to sequestration and appropriation to the payment of his debts. The warrant is in effect like an execution on a judgment. It would certainly be a great anomaly in the law, if a proceeding of such a nature, involving consequences so important to the rights and interests of an infant, could be prosecuted without the appointment of some one, acting under the authority of the tribunal having jurisdiction of the subject matter, to represent the infant in the preliminary hearing on the question of his insolvency, and the right of the creditor to ask for a warrant against his estate. In the absence of any express legislative enactment, or some clear implication arising from an existing provision of law, we cannot sanction proceedings in their nature judicial, which involve so wide a departure from the principles and practice on which civil suits against infants are uniformly conducted in courts of law.

The objection urged by the defendants, that the plaintiff is not entitled to maintain this petition, is not tenable. As a creditor having a legal and valid attachment on the estate of the alleged insolvent, she has sufficient interest to maintain a bill to set aside the proceedings, being a party aggrieved, within the meaning of Gen. Sts. *c.* 118, § 16. *Merriam* v. *Sewall*, 8 Gray, 316. Nor does it affect her right to prosecute this bill, that her own debt, to secure which she has made an attachment, is one which the infant may avoid on plea and proof. Until so avoided, the action against the infant is lawfully prosecuted, and the attachment of his estate legal. Whether the interest of the infant may require the plaintiff's suit to continue, and to ripen into a judgment, so that the property attached may be duly seized on execution, we cannot now determine. It is sufficient that it appears that the plaintiff has a legal claim to ask the interference of this court as a party aggrieved by the proceedings in insolvency, and that it is made to appear that those

proceedings are irregular and invalid. In such a case the party that is better in right has the better equity.

We have not deemed it necessary to decide in the present case whether the provisions of our insolvent laws are at all applicable to infants; that is, whether proceedings by or against them can be maintained, if they are duly represented by a *prochein ami* or guardian *ad litem.* In England it is well settled that an infant cannot be a bankrupt. The reason for the rule is, that the bankrupt acts are intended only for traders, and that an infant cannot be properly deemed a trader, or be declared a bankrupt for debts which he is not obliged to pay. *Ex parte Sydebotham,* 1 Atk. 146. *Rex* v. *Cole,* 1 Ld. Raym. 443. *Ex parte Henderson,* 4 Ves. 163. *Ex parte Barwis,* 6 Ves. 601. There is certainly fair reason to doubt whether the legislature intended to include infants among those who are entitled to the benefit or subject to the duties and limitations created by the insolvent laws. A discharge in insolvency would not relieve them from debts incurred for necessaries; and from all other debts they can be relieved by plea and proof of infancy. A debtor in insolvency is required to make and execute deeds, indorse bills and notes, and enter into such other contracts as may be required of him and which may be necessary and useful in the settlement of his estate and recovering his assets. Gen. Sts. *c.* 118, §§ 70, 71. Was it intended by these provisions to confer on infants legal capacity to act as if of full age ? These and other suggestions of a like nature will be entitled to grave consideration, when a case arises which renders it necessary to decide the main question to which they relate. But in the case at bar, for other reasons already given, the proceedings in insolvency cannot be supported. *Proceedings adjudged void.*